UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DANIEL KULL, as natural guardian of minor
Child C.E.K.,

    Plaintiff,

    v.

SCOTT J. HABAKUS, D.O., et al.,

    Defendants.

Case No. 24-2380-HLT-ADM

**MEMORANDUM AND ORDER**

This matter comes before the court on plaintiff Daniel Kull's ("Kull") Motion to Amend Complaint. (ECF 25.) By way of the motion, Kull seeks leave to amend his complaint to assert a third-party-beneficiary, breach-of-contract claim against defendant Valor Network, Inc. ("Valor"). Valor opposes the amendment as futile. (ECF 31.) Defendant Scott J. Habakus ("Habakus") does not oppose the motion. For the reasons explained below, the court grants Kull's motion and permits the filing of an amended complaint.

**I.    BACKGROUND[1]**

On August 22, 2024, Kull filed this action on behalf of his minor son, C.E.K. (ECF 1.) The case arises from medical care C.E.K. received after he injured his right arm in a trampoline fall on September 23, 2001. After the fall, C.E.K. sought treatment at the Irwin Army Community Hospital ("IACH") in Fort Riley, Kansas. IACH providers took an x-ray of C.E.K.'s arm and transmitted the x-ray to Habakus, a radiologist, for review. In reviewing the x-ray, Habakus did not identify any fracture, malalignment, elbow-joint effusion, or other significant injury. C.E.K.'s

---

[1] The facts set out in this section are taken from the complaint and construed in the light most favorable to Kull.

elbow was, in fact, dislocated, but Habakas failed to diagnose the dislocation. As a result, C.E.K.'s injury went undiagnosed for nearly a year, and despite two subsequent surgeries, his elbow is permanently injured.

At the time of Habakus's x-ray review, he was an agent of Valor, a medical-staffing company that provided staffing to IACH under a contract with the United States government. Habakus and Valor had entered an agreement on August 9, 2019 ("the Agreement"). Under the Agreement, Habakus agreed to provide medical services for Valor's patients and to follow certain work-hour, training, and peer-review requirements. And Valor agreed to maintain claims-made professional-liability coverage for Habakus's activities in the amount of at least $1,000,000 per claim.

Kull's complaint asserts a medical-negligence claim against Habakus (Count I) and a vicarious-liability claim against Valor for Habakus's alleged negligence (Count II). Kull's current motion seeks leave to add a third-party-beneficiary, breach-of-contract claim against Valor. Kull alleges that Valor only provided Habakus professional-liability coverage in the amount of $500,000, in breach of the Agreement. Valor opposes the amendment, arguing that Kull does not have standing to bring the breach-of-contract claim, so the addition of that claim would be futile.

## II.   LEGAL STANDARDS

When, as here, a party can no longer amend its pleading as a matter of course under Rule 15(a)(1), amendment is allowed "only with the opposing party's written consent or the court's leave." FED. R. CIV. P. 15(a)(2). "The court should freely give leave [to amend pleadings] when justice so requires." *Id.* In freely allowing leave to amend, the court provides litigants with "the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *Warnick v. Cooley*, 895 F.3d 746, 755 (10th Cir. 2018) (quoting *Hardin v. Manitowoc–*

*Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982)).  The court may only deny leave to amend for reasons such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of [the] amendment."  *U.S. ex rel. Ritchie v. Lockheed Martin Corp.*, 558 F.3d 1161, 1166 (10th Cir. 2009) (alteration in original) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).  Practically speaking, the party opposing a motion to amend generally bears the burden to demonstrate why the amendment should not be permitted.  *See Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 (10th Cir. 2010) (ruling that in the absence of such a showing, amendment should be allowed).  Whether to grant leave to amend lies within the district court's discretion.  *Warnick*, 895 F.3d at 755.

As mentioned above, Valor argues that the court should deny leave to amend because the proposed breach-of-contract claim is futile.  "A proposed amendment is futile if the [pleading], as amended, would be subject to dismissal."  *Jefferson Cty. Sch. Dist. No. R-1 v. Moody's Inv'r's Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999).  In this context, the court considers whether the amended complaint could withstand a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  *See* 6 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1487 (3d ed.) (collecting cases).  To withstand dismissal under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  In analyzing whether dismissal is appropriate, the court must "accept the facts alleged in the complaint as true and view them in the light most favorable to the plaintiff."  *Mayfield v. Bethards*, 826 F.3d 1252, 1255 (10th Cir. 2016).

**III.    ANALYSIS**

Under the above legal standards, Valor bears the burden to support its position that Kull's proposed third-party-beneficiary, breach-of-contract claim is futile because it does not state a plausible claim. Valor attempts to meet this burden by arguing Kull does not have standing to assert the claim because he is not an intended third-party beneficiary of the Agreement. Valor cites no law in support of its argument. The court is not convinced by Valor's unsupported and generalized argument.

By its terms, the Agreement is governed by New York law. Under New York law, "[a] party asserting rights as a third-party beneficiary must establish (1) the existence of a valid and binding contract between other parties, (2) that the contract was intended for his benefit and (3) that the benefit to him is sufficiently immediate, rather than incidental, to indicate the assumption by the contracting parties of a duty to compensate him if the benefit is lost." *Madeira v. Affordable Hous. Found., Inc.,* 469 F.3d 219, 251 (2d Cir. 2006) (internal citation and quotations omitted). "In determining whether the parties intended to benefit the third party, a court should consider the circumstances surrounding the transaction as well as the actual language of the contract." *Bayerische Landesbank, N.Y. Branch v. Aladdin Cap. Mgmt. LLC*, 692 F.3d 42, 52 (2d Cir. 2012).

At this procedural juncture, the record is exceedingly sparse when it comes to information about the circumstances surrounding the Agreement between defendants. Although Valor makes generalized statements, it does not cite any case "holding that a third party beneficiary fails to allege a plausible contract claim simply by failing to allege in its Complaint that a particular portion of the contract operates to the party's benefit." *Eucalyptus Real Est., LLC v. Innovative Work Comp Sols., LLC,* 642 F. Supp. 3d 1273, 1281 (D. Kan. 2022) (denying motion to dismiss claim brought by purported third-party beneficiary). Moreover, despite Valor's argument to the contrary,

4

the proposed amended complaint cites to portions of the Agreement in support of Kull's third-party beneficiary claim. These factual allegations are enough to raise a plausible claim.

In the end, the court is mindful of Rule 15's dictate to freely give leave to amend. This case is in its early stages, with a scheduling order not yet entered. Kull's proposed claim is not so clearly futile that amendment should be denied for lack of standing. Valor may, of course, reassert its standing challenge in a dispositive motion, on a more developed record. But, at this stage in the proceedings, the court does not find that Valor has demonstrated that Kull's proposed new claim is necessarily futile.[2] Thus, the court exercises its discretion to grant Kull leave to file an amended complaint.

**IT IS THEREFORE ORDERED** that Kull's Motion to Amend Complaint (ECF 25) is granted. Kull is directed to file the Amended Complaint as a separate docket entry by **December 3, 2024**.

Dated November 25, 2024, at Kansas City, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge

---

[2] To the extent Valor's response brief can be read to assert that the court should deny amendment on the basis of undue delay, the court is unpersuaded. Valor does not develop this argument beyond a conclusory statement that the motion does not "attempt to offer any excuse for the delay." (ECF 31, at 2.) In any event, this case is in its infancy with the motion being filed just one month after Valor filed its answer.